United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-30796
Summary Calendar

———————————————

H.P. ROWLEY, III,

Plaintiff-Appellant,

versus

TCHEFUNCTA CLUB ESTATES, INC.; UNIDENTIFIED PARTY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-753-J
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

H.P. Rowley, III, appeals the dismissal of his 42 U.S.C.
§ 1983 complaint for failure to state a claim. Affording the
district court's ruling de novo review, Priester v. Lowndes County,
354 F.3d 414, 418 (5th Cir.), cert. denied, 125 S. Ct. 153 (2004),
we affirm.

To state a 42 U.S.C. § 1983 claim, the complaint must (1)
allege the violation of a constitutional right and (2) allege that
the violation "'was committed by a person acting under color of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state law.'" Cornish v. Corr. Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005) (citation omitted). Rowley alleges that his constitutional rights were violated by Tchefuncta Club Estates, Inc. ("TCE"), a private entity that maintains public areas and provides some utility and security services to the Tchefuncta Club Estates community. These violations allegedly occurred in three distinct ways: (1) TCE's imposition of various fees on all homeowners to pay for four full-time deputy sheriffs to be assigned by the St. Tammany Sheriff's Department to the community, and using these deputies to collect the fees; (2) TCE's ordering the deputies not to enforce a local ordinance against allowing minors to operate golf carts on public roads; and (3) TCE's ordering a deputy to accompany two TCE employees who attempted to cut off Rowley's water supply on account of his failure to pay fees.

We will affirm a district court's dismissal of a complaint under Rule 12(b)(6) "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Ballard v. Wall, 413 F.3d 510, 514-15 (5th Cir. 2005). When considering the complaint, we do so in a light most favorable to the plaintiff, and resolve every doubt on his behalf. See Cornish, 402 F.3d at 548.

Assuming *arguendo* that Rowley's complaint states facts implicating TCE as a state actor with respect to its employment of the deputy sheriffs, we are persuaded that the complaint, although offering detail, is bereft of any actionable conduct by the deputy

sheriffs.  Rowley can point to no right violated by the imposition of fees for basic services, the delivery of notices relating to these fees, and the failure to enforce the golf cart ordinance. Although a closer call, we can find no actionable conduct on the part of the officers in relation to the effort by TCE employees to disconnect Rowley's water supply.  In his complaint, Rowley asserts that the TCE employees came onto his lawn, used metal detectors to locate his water pipe, and began digging in an effort to disconnect his water supply, relenting only after he agreed to pay the overdue fees.  Importantly, there is no indication that the deputy actively participated in the effort to disconnect the water supply; rather, he was merely present at the scene.[1]

Based on the foregoing, the judgment of the district court dismissing Rowley's complaint for failure to state a claim is

AFFIRMED.

---

[1] To the extent that TCE's employees may have violated Rowley's constitutional rights, Rowley cannot establish state action.  See Cornish, 402 F.3d at 550 ("Deciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which the plaintiff complains.'" (quoting Am. Mfrs. Mut. Ins. Co. v Sullivan, 526 U.S. 40, 50 (1999)) (quotation omitted in Cornish).